UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAVELLE DAVIS, JEANETTE SMITH, & LYNETTE OLIVER | CIVIL ACTION |
| VERSUS | NO: 21-761 |
| A1 ABSOLUTE BEST CARE, LLC & COLLETTE BRANCH | SECTION: "A"(2) |

## ORDER AND REASONS

The following motion is before the Court: **MOTION to Dismiss for Failure to State a Claim (Rec. Doc. 98)** filed by Defendants A1 Absolute Best Care LLC ("A1") and Collette Branch. The motion is before the Court on the briefs without oral argument. The motion is regarding the two additional plaintiffs, Jeanette Smith and Lynette Oliver, who were added to the lawsuit in the Amended Complaint (Rec. Doc. 99) and after the Court DENIED the Plaintiffs' Motion to Certify Class (Rec. Doc. 74). For the following reasons, the Defendants' motion is DENIED.

A1 Absolute Best Care LLC ("A1") is a company founded to provide companionship services to Medicaid recipients who participate in the New Opportunities Waivers ("NOW") program. The NOW program allows its recipients to remain in the community, rather than having to be institutionalized to receive the same level of care. Each NOW recipient develops a Plan of Care ("POC") that tailors care to an individualized and specific level. NOW recipients are given a list of licensed providers of companionship services, and the recipient can choose which provider they would like to administer the care. After being chosen as the provider by the recipient, A1 hires persons to work as Direct Service Workers ("DSW") to provide the services

1

to the disabled individuals that are A1's clients.

Plaintiffs filed this lawsuit to recover unpaid wages and overtime that they are alleging were not properly documented and possibly deleted from their timesheets. Specifically, plaintiffs allege they were deprived of minimum wage and overtime pay to which they were entitled. Plaintiffs allege that A1 improperly recorded and edited their timesheets to reduce the number of hours they worked. Plaintiffs allege that A1 wanted to avoid paying them for time that A1 would not eventually be reimbursed through Medicaid and therefore altered their timesheet.

While working for A1, the Plaintiffs were required to record their work time in two manners. First, they were to keep a written time sheet that also had a space to describe their duties during each hour. Second, they were told to log their hours in the State of Louisiana's electronic logging system called "LaSRS". Plaintiffs contend that the issue with the LaSRS system is that DSW's can and do work for NOW recipients beyond the scope of hours that Medicaid will actually pay private employers like A1 to provide. LaSRS was created in 2018 so the State could ensure and verify that NOW recipients were receiving the services that were being paid by Medicaid. The Federal Labor and Standards Act mandates that employees be properly and fully paid for all the time worked, regardless of whether A1 was fully reimbursed by Medicaid or not. The Defendant explains that sometimes there are issues with the LaSRS system, mainly caused by user error. The system, which is primarily accessed by DSWs on their smartphones, can sometimes reject a time entry for several reasons. If the LaSRS system rejects a time entry, A1 administrators communicate directly with the DSW. Once the administrator determines how the time entry should be corrected, he or she manually adjusts the time entry and enters a brief description of the reason for the correction into LaSRS. A1 administrators frequently correct time entries for services that were provided weeks or months in the past. The LaSRS database

documents both the date of service and the date when the manual entry effecting the service was made. Plaintiffs contend that due to problems with the LaSRS system, they routinely kept their time manually, and that A1 ignored those manual timesheets in favor of the LaSRS system.

One of the specific problem time entries that was common according to the Plaintiffs' theory is "overlap" time entries. "Overlap" is when one DSW is still on the premises and clocked in to LaSRS while another is arriving or still working. During an overlap, A1 would not be reimbursed by Medicaid for having multiple DSWs on the premises. Similarly, A1 would routinely edit DSWs timesheets because they were not authorized to work more than 16 hours, which is a Medicaid rule. Plaintiffs contend that because of these edits, they were denied minimum wage and were denied overtime pay.

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).  The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  In a 12(b)(6) analysis, the Court must view the facts in a light most favorable to the Plaintiff. Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675

(5th Cir. 2007). The Court need not be concerned with the likelihood that the Plaintiff recover on the merits of the claim, but merely as it is stated in the complaint whether relief can be granted. *Bell*, at 556. Accordingly, the Court must not wage into a fact-intensive mission, meant for a stage later in the litigation process.

In the present motion, the Plaintiffs have plead claims under the FLSA and the Final Wage Payment Act. The crux of the Defendants' motion is not that the Plaintiffs do not hold up to a 12(b)(6) analysis, but rather that this entire dispute was merely a misunderstanding of the Defendants' editing the Plaintiffs' timesheets. That argument, while possibly valid when considering the voluminous amount of discovery already produced in this case, is not the correct analysis the Court must view at this stage via the present motion. Regarding the FLSA claim, the Defendants admit that the facts alleged in the Plaintiffs' complaint infer at least a mere possibility of an FLSA violation. In their motion, Defendants argue facts that are either rebuttable, or better left for a later stage in the proceeding. In the Plaintiffs' complaint they allege with great specificity the extent in which they argue that they either withheld pay in one form or another. Just because the Defendants are now claiming to have an explanation for alleged lack of pay, does not mean that the Court must now dismiss the lawsuit on its face pursuant to a 12(b)(6) motion.

Furthermore, the Defendants argue that the Plaintiffs lacked proper giving proper notice of the two additional Plaintiffs. The Court finds no merit to this argument. The Court has previously held oral argument regarding the potential formation of a class of these two potential claimants. Also, the Defendants admit that they had proper notice in the conclusion of their motion. The Court notes that at this stage in the litigation process that it does not have an opinion on the merits of the Plaintiffs' claims beyond the 12(b)(6) analysis. However, in view of the

Plaintiffs' complaint in a light most favorable to the Plaintiffs, their claim for relief is at least plausible and the Defendants' motion is DENIED.

**ACCORDINGLY;**

    **IT IS ORDERED** that the Defendants' **MOTION to Dismiss for Failure to State a Claim (Rec. Doc. 98)** is **DENIED**.

New Orleans, Louisiana, August 22, 2023

                                                        Judge Jay C. Zainey
                                                        United States District Judge